UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ESPINOZA,<br><br>    Plaintiff,<br><br>    v.<br><br>GENTRY COURTS HOME OWNERS ASSOCIATION, ANTIOCH, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-00488-SK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS AND TO STRIKE PORTIONS OF THE COMPLAINT**<br><br>Regarding Docket Nos. 10, 11 |

Defendants Gentry Courts Home Owners Association Antioch, Inc. and Homeowners Management Company, LLC ("Defendants"), move to dismiss this action pursuant to Rule 12(b)(1) because Plaintiff allegedly lacks standing to bring claims. Defendants further move pursuant to Rule 12(b)(6) to dismiss for failure to state actionable claims. Finally, Defendants move to strike portions of the Complaint that seek or otherwise refer to punitive or exemplary damages. Having heard argument, reviewed the papers and the record in this case, the motions are granted in part and denied in part as set forth below.

**BACKGROUND**

This action arises out of a dispute between Plaintiff Lisa Espinoza, owner of a condominium in the Gentry Courts condominium project ("Gentry Courts") located in Antioch, California. Defendants are the Gentry Courts Homeowners Association, Antioch, Inc. ("HOA") and Homeowners Management Company, LLC ("HMC"), the property manager for Gentry Courts. According to the Complaint (Dkt. 1), Plaintiff was "diagnosed with crippling anxiety, making her a person with a disability." (Dkt. 1, ¶4.) Plaintiff asserts that she originally sought a reasonable accommodation from the HOA's rule limiting residents to one pet so that Plaintiff's

mother could keep an emotional support dog, in addition to Plaintiff's own dog. (*Id.,* ¶¶ 11, 12.) Plaintiff's mother eventually died of cancer, but Plaintiff later sought the emotional support dog for herself. (*Id.,* ¶¶ 11, 12.) Plaintiff's mother died in December 2015, and in January 2016, the HOA denied the requested variance for a second dog. (*Id.*) In the meantime, fines for violation of the HOA rules accrued and were the subject of a small claims action in state court, which Defendants lost. (*Id.,* ¶¶1, 15.)

Plaintiff alleges that she continuously sought reasonable accommodation for her disability, and that she provided Defendants with a letter on February 4, 2016 from her "medical treater" stating the nature of disability and the need for an emotional support animal. (*Id.,*¶ 14.) Plaintiff asserts that she made another request in July 2016. (*Id.,*¶19.) Defendants ceased issuing fines in September 2016 and withdrew the claim that Plaintiff is in violation of the one pet policy. (*Id.,*¶24.) Nevertheless, Plaintiff pursues this action, alleging claims for violation of the Fair Housing Act ("FHA"), California Fair Employment and Housing Act ("FEHA"), and the Unruh Act. She also claims intentional infliction of emotional distress and entitlement to declaratory relief. Finally, Plaintiff claims that she is entitled to exemplary damages.

## ANALYSIS

Defendants move to dismiss the claims asserted in the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. 10-1.) In their motion to dismiss, Defendants assert that Plaintiff lacks subject matter jurisdiction pursuant to Rule 12(b)(1) because she lacks standing to bring her mother's claims and because there is no active controversy at the center of the dispute. Defendants also move to dismiss each claim pursuant to Rule 12(b)(6). Finally, Defendants move to strike pursuant to Rule 12 (f), those portions of the complaint that refer to or seek punitive or exemplary damages.

**A. Motions to Dismiss**

**1. Legal Standards**

A party moving to dismiss under Rule 12(b)(1) may make a facial or factual attack on jurisdiction. A facial attack challenges the sufficiency of the jurisdictional allegations in a complaint. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). A factual

challenge instead "attack[s] the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rel[ies] on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989) (citation omitted); *accord Safe Air,* 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court "need not assume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Federal Courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *A-Z International v. Phillips,* 323 F3d 1141, 1145 (9th Cir. 2003).

When "the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action," a jurisdictional finding of genuinely disputed facts is inappropriate. *Id.* (internal quotations and citations omitted). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* (internal quotation and citation omitted). Notwithstanding this general rule, dismissal for lack of subject matter jurisdiction, even when intertwined with the merits, may be appropriate "when the allegations of the complaint are frivolous." *Thornhill Publishing Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 734 (9th Cir. 1979) (citations omitted).

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party, and the Court must treat all material allegations in the complaint as true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but instead must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly,*550 U.S. at 556-57) (internal quotations marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Industries, Inc.,* 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.,* 911 F.2d 242, 246-47 (9th Cir. 1990).

### 2. Defendant's Rule 12(b)(1) Motion.

Defendants assert that the facts alleged in the Complaint defeat standing on the face of the Complaint. Defendants argue that Plaintiff's allegations "piggy-back 'reasonable accommodation' claims premised on disallowance of her mother's additional pet on the premises." (Dkt. 10-1, p.5.) Defendants assert generally that Plaintiff lacks standing to assert this claim for her mother, as "the claim must be related to plaintiff's own legal rights and interests, rather than the legal rights or interests of third parties." (*Id.*)

However, Defendants do not address whether or not the claims in this litigation provide standing to someone in Plaintiff's position. For example, the FHA allows any "aggrieved person" to file a civil damages action for violation of the Act. 42 U.S.C. §§3613(a)(1)(A), (c)(1). "The FHA defines an 'aggrieved person' as 'any person who' either 'claims to have been injured by a discriminatory housing practice' or believes that such an injury is about to occur.'" *Bank of America Corp. v. City of Miami,* 137 S.Ct. 1296, 1303 (2017). Since Plaintiff is the owner of the condominium and therefore subject to fines from the HOA, including those related to her mother's disability, under the FHA's broad definition of an aggrieved person, the plain language of the statute appears to give her standing under the FHA to bring suit.

Moreover, the Plaintiff's mother's claims are not the basis of the entire action, as Plaintiff alleges that she "suffers from crippling anxiety, making her a person with a disability…." and that Plaintiff requested a variance to keep a service dog for her own needs based on documentation from her own medical provider after Plaintiff's mother died. (Dkt. 1, ¶¶ 4, 14, 19.) It is axiomatic

4

that Plaintiff has standing to assert her claims, and she asserts claims on her own behalf in the Complaint.

Defendants also assert that there is no controversy and therefore no jurisdiction because the issue regarding permission to keep the dog was resolved and the fines discontinued; thus, the issue is moot. A court lacks jurisdiction to hear moot claims. *Pitt v. Terrible Herbst, Inc.* 653 F.3d 1081, 1086-87 (9th Cir. 2011); *accord Feldman v. Bomar,* 518 F.3d 637, 642 (9th Cir. 2008). "A case becomes moot when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome of the litigation." *Pitts,* 653 F.3d at 1086. The issue in determining mootness is whether there is a "present controversy" for which "effective relief can be granted." *Siskiyou Regional Educ. Project v. U.S. Forest Serv.,* 565 F.3d 545, 559 (9th Cir. 2009) (quoting *Serena v. Mock,* 547 F.3d 1051, 1053 (9th Cir. 2008)). Defendants rely on paragraph 24 of the Complaint to support their argument. Paragraph 24 states in full:

> At some point the HOA stopped including the fines in its monthly invoice to Plaintiff. Yet it never has informed her that it is withdrawing its claim that she is in violation of the pet policy or that it is granting her a reasonable accommodation for an emotional support animal.

While it appears that the issue may have been resolved from the vantage point of the HOA, the issue has not been resolved from the perspective of the Plaintiff, who alleges that Defendants have not told her that they are withdrawing the claim or that they are granting her a reasonable accommodation. Therefore, the Court DENIES Defendants' motion to dismiss based on Rule 12(b)(1).

### 3. Defendants' Rule 12(b)(6) Motion:

#### a. Plaintiff sufficiently states claims based on reasonable accommodation.

Defendants claim that Plaintiff failed to sufficiently state a claim pursuant to Rule12(b)(6) because Plaintiff failed to present an actionable claim under the FHA and FEHA. Defendants argue that Plaintiff does not allege sufficient facts to state the claim that Defendants knew or should have known of Plaintiff's disability or that there is a need for a reasonable accommodation for a support dog. Defendants rely on *DuBois v. Assoc. of Apt. Owners of 2978 Kalakaua,* 453 F.3d 1175 (9th Cir. 2006), in which the Ninth Circuit affirmed a ruling that the association did not

deny the owner's request for accommodation of the service animal because the association did not request that the pet be removed. In *DuBois,* the association allowed the animal to stay while the owner's condition was determined and a state investigation was completed at the behest of the homeowner. Yet, the owner still filed suit based on FHA, discrimination under state law, intentional infliction of emotional distress, among other issues, and sought punitive damages and injunctive relief. The Ninth Circuit held that, because the association never required the dog to leave and never refused to make the requested accommodation, the plaintiff could not establish one of the essential elements of the FHA claim.

In this case, Defendants handled the situation in a different manner. Defendants allegedly fined Plaintiff, withheld the use of the pool, and failed to advise her as to the status of the requested accommodation. Construing the Plaintiff's allegations as true, she alleges a sufficient basis for claims under the FHA and the FEHA.

Defendant also seeks to dismiss the claim for violation of the California Unruh Civil Rights Act on the grounds that Plaintiff furnishes no federal or state law violation upon which to premise her claim and also seeks to dismiss the claim for declaratory relief for lack of actual controversy. As noted above, the Court finds that Plaintiff has sufficiently set forth claims for violation of the FHA and FEHA, thus defeating Defendant's argument foreclosing the Unruh Act. Plaintiff has also sufficiently asserted that an actual controversy exists, allowing her to pursue her claim for declaratory relief. Therefore, this Court DENIES Defendants' motion to dismiss Plaintiff's first, second, third and fifth claims in her Complaint.

### b. Plaintiff fails to state a claim for intentional infliction of emotional distress.

"A cause of action for intentional infliction of emotional distress exists when there is…(1) extreme and outrageous conduct by the defendant with the intention of causing or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair,* 46 Cal.4th 1035, 1050 (2009); *Plotnik v. Meihaus,* 208 Cal.App.4th 1590, 1609 (2012) (internal quotations omitted). A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in

6

a civilized community." *Plotnik,* 208 Cal.App.4th at 1610. The defendant's conduct must be "intended to inflict injury or engaged in with the realization that injury will result." *Id.* (citing *Hughes,* 46 Cal.4th at 1050-51 ("liability for intentional infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities").

The Complaint fails to sufficiently allege sufficient facts to support the first element. The failure to permit a second dog or to engage with agencies to mediate the claim is not sufficiently "outrageous" to fulfill the pleading obligations for the first element of this claim. It was the duty of the HOA and the HMC to enforce the rules, and the failure to accommodate a second dog, even if wrongful as alleged, is not so "extreme as to exceed the bounds of that usually tolerated in a civilized community." *Id.*

Given Plaintiff's failure to meet the first element of her claim for intentional infliction of emotional distress, Defendants' motion to dismiss this claim pursuant to Rule 12(b)(6) is GRANTED, with leave to amend.

**B.    Defendants' Motion to Strike.**

   **1.    Legal Standard.**

Defendants move to strike those provisions of the Complaint which allege or seek exemplary damages "because, as a matter of law, the factual allegations, as pled, do not support the imposition of punitive damages or other penalties." (Dkt. 11-1 at 4:23-24.) Rule 12(f) permits a court to "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." A matter is immaterial "if it has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517(1994). Impertinent matters consist of statements that neither pertain to nor are necessary to the issues in question. *Id.* A matter is redundant where it is wholly foreign to the issues involved or needlessly repetitive of allegations. *Rees v. PNC Bank, N.A.,* 308 F.R.D. 266 (N.D. Cal. 2015); *Sliger v. Prospect Mortg., LLC,* 789 F.Supp.2d 1212, 1216 (E.D. Cal. 2011).

A Rule 12(f) motion to strike operates "to avoid the expenditure of time and money that must arise from litigation spurious issues by dispensing with those issues prior to trial. *Sidney-*

7

*Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983). A motion to strike may be proper where it eliminates serious risks of prejudice to the moving party, delay, or confusion of issues. *Fantasy,* 984 F.2d at 1527-28. Given that they are generally disfavored, motions to strike "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.,* 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004). The court must view the motion to strike, like a motion to dismiss, in the light most favorable to the moving party. *Platte Anchor Bolt,* 352 F.Supp.2d at 1057.

In *Whittlestone v. Handicraft Co.*, 618 F.3d 970 (9th Cir. 2010), the Ninth Circuit held that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law. *Id.* at 974-975. It reasoned that if Rule 12(f) motions are used as a means to dismiss some or all of a pleading, a redundancy is created in the Federal Rules of Civil Procedure because Rule 12(b)(6) already provides such purpose. *Id.* at 974.

### 2. Analysis.

Plaintiff asserts in the general allegations that she is entitled to punitive and exemplary damages, as well as trebling of damages:

> In doing the acts of which Plaintiff complains, Defendants acted with oppression, fraud and malice, and with knowing disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive and exemplary damages.
>
> In engaging in the unfair acts of which Plaintiff complains, Defendants knew that their conduct was directed at a disabled person, Plaintiff, and that the conduct caused her harm, entitling her to a trebling of penalties and statutory and punitive damages pursuant to Civil Code 3345.

(Dkt. 1, ¶¶ 26, 27.)

Exemplary damages are permitted by California Civil Code § 3294, which provides in pertinent part that "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example by the way of punishing the defendant."

California Civil Code § 3345 provides for treble damages for unfair or deceptive practices against senior citizens or disabled persons. To establish a claim for treble damages under Section

3345, a claim must (1) be brought by a senior citizen or disabled person; (2) redress unfair or deceptive acts or practices; (3) relate to a separate statutory claim providing entitlement to certain penalties; and (4) the defendant's wrongdoing must be directed to the protected class. *Hood v. Hartford Life and Acc. Ins. Co.,* 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008).

Defendants seek to strike those portions of the complaint that refer to damages under both Sections 3294 and 3345, as well as requests for those damages in the prayer of the Complaint. Defendants argue that the Complaint is devoid of allegations that support a claim for punitive damages and that the claims are akin to charges of negligence, rather than malice oppression or fraud. (Dkt. 11-1, 6:18-27.) They further argue that there must be sufficient facts pled to justify the imposition of punitive damages, including willfulness, in the sense of intentional, accompanied with aggravating circumstances amounting to malice, conceived in the spirit of mischief or with criminal indifference towards others. *Edbaugh v. Rabkin,* 22 Cal.App.3d 891 (1972). Defendants further assert that Plaintiff's conclusory factual assertions are inadequate. (*Id,* p.6:6-17.)

As discussed above, a motion to strike is not a proper vehicle for seeking dismissal of a claim for damages under *Whittlestone.* Thus, a motion to strike a reference to damages under Section 3294 or 3345, are improper here. Moreover, Defendants apply the wrong standard for evaluating the sufficiency of Plaintiff's pleadings in federal court. In state court, a plaintiff must plead facts to support the conclusion that the defendant acted with malice, fraud or oppression to state a claim for punitive damages under Section 3294. *See Smith v. Superior Court,* 10 Cal.App.4th 1033, 1041 (1992). However, the state procedural rule of Section 3294 is not implicated in federal court. *Rees,* 308 F.R.D. 266, 273 (2015). Rather, the federal pleading standard is contained in the Federal Rules of Civil Procedure, and Section 3294 conflicts with Rules 8 and 9. *Id. (*citing *Clark v Allstate Ins. Co.,* 106 F.Supp.2d 1016, 1018 (S.D. Cal. 2000)). According to Rule 9(b), "malice, intent, knowledge, and other conditions of the mind may be alleged generally." In federal court, "a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." *Id.* However, in alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud. Fed.R.Civ.P. 9(b).

9

Here, Plaintiff alleged violations under FHA, FEHA, and the Unruh Act, non-contract claims for which Plaintiff may be entitled to punitive damages if she is able to prove the elements of malice or intent as required in Section 3294. However, Plaintiff has not provided with particularity the circumstances constituting fraud consistent with Rule 9(b). Therefore, the motion to strike is GRANTED to the extent the Complaint alleges fraud. Specifically, the Court STRIKES the word "fraud" in the Complaint at ¶26 (6:28) and ¶ 44 (9:22) with leave to amend and DENIES the remainder of the motion to strike.

## CONCLUSION

This Court DENIES Defendants' motion to dismiss based on Rule 12(b)(1) for lack of standing and lack of controversy. This Court DENIES the motion to dismiss based on Rule 12(b)(6) as to Plaintiff's claims for violation of the FHA, FEHA, the Unruh Act, and declaratory relief, but this Court GRANTS the motion to dismiss Plaintiff's claim for intentional infliction of emotional distress, with leave to amend. This Court GRANTS Defendants' motion to strike based on Rule 12(f), with leave to amend, as to the allegation of fraud, as specified above, but DENIES the motion as to the remaining portions of the Complaint. Plaintiff must file her amended Complaint by June 9, 2017.

**IT IS SO ORDERED**.

Dated: May 26, 2017

_____
SALLIE KIM
United States Magistrate Judge